UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>Plaintiff, <br><br>v. <br><br>GULF LOGISTICS OPERATING, INC., <br><br>Defendant. | CIVIL ACTION NO. <br><br>2:17-09362 <br><br>COMPLAINT <br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jason Gunderson ("Charging Party" or "Jason Gunderson"), who was adversely affected by such practices.

As alleged with greater particularity in the Statement of Claims below, Defendant Gulf Logistics Operating, Inc., ("Defendant" or "Gulf Logistics") discriminated against Jason Gunderson when it discharged him because he was perceived to be disabled and a safety threat to himself and to others because of his situational depression. Additionally, Defendant discriminated against Jason Gunderson when it forced him to obtain a medical release before he

- 1 -

could return to work because he requested a referral to the Employee Assistance Program as this is a prohibited medical inquiry/exam under the ADA.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

An at all relevant time, Defendant Gulf Logistics Operating, Inc., ("Defendant" or "Gulf Logistics"), has continuously been a corporation organized under the laws of the State of

Louisiana, doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.

At least since April 2013, Defendant has engaged in conduct in Larose, Louisiana which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Jason Gunderson filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.

9.

On July 21, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with

Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.

The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.

The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.

On September 11, 2017, the Commission issued a Notice of Failure of Conciliation.

13.

All conditions precedent to the institution of this lawsuit have been fulfilled.

14.

Jason Gunderson has at all times relevant been a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§12102 and 12111(8). Defendant discharged Jason Gunderson because of his actual or perceived impairment, situational depression or adjustment disorder.

15.

Defendant operates a fleet of offshore workboats for the Gulf of Mexico oil and gas industry supporting projects for companies engaging in oil and gas exploration and production.

16.

Defendant hired Jason Gunderson in October 2012 as a deckhand assigned to one of the company's vessels.

17.

Jason Gunderson was a good employee who was never disciplined while employed by Defendant for failure to perform the essential functions of his position.

18.

In January 2013, Jason Gunderson began having marital problems which caused him emotional distress on the job.

19.

In April 2013, Jason Gunderson asked Health, Safety and Environmental (HSE) Manager Randy Whittaker ("Randy Whittaker") for a referral to the company's Employee Assistance Program (EAP) to cope with the stress created by the separation from his wife.

20.

Randy Whittaker provided Jason Gunderson with a list of numbers to call to obtain EAP assistance.

21.

Jason Gunderson informed Randy Whittaker that he could return to work in about five days.

22.

Randy Whittaker informed Jason Gunderson that the company would not be able to send him back to his assigned vessel due to safety reasons and concerns regarding Jason Gunderson's need to seek EAP assistance for his emotional distress.

23.

Randy Whittaker informed Jason Gunderson that he would have to obtain a medical release from the company's doctor (Complete Occupational Health Services) before he could return to work after his EAP referral.

24.

Jason Gunderson returned to work within three weeks after seeking medical assistance or on or about May 20, 2013 with a medical release from Defendant's company doctor allowing him to return to work without any restrictions.

25.

The May 20, 2013 medical release from the company doctor determined that Jason Gunderson had "situational" depression.

26.

Additionally, in May 2013, Jason Gunderson presented a medical release from his personal therapist who also released him to return to work without any restrictions.

27.

Jason Gunderson worked for two weeks after his return without issue or until June 5, 2013 when he was discharged because the Defendant perceived him to be a threat to the safety of

others due to perceived "distraction" caused by his situational depression or adjustment disorder in violation of the ADA. 42 USC §12102(3)(A) and §12111(3).

28.

Defendant never engaged Jason Gunderson in any discussions to discuss the concerns they had with his being a threat to the safety of himself or to others due to his perceived mental impairment caused by his depression or adjustment disorder.

29.

Defendant relied on the biased perceptions of the vessel captains to determine that Jason Gunderson was unable to perform his duties or that he posed a threat to the safety of himself and to others due to his depression or adjustment disorder in violation of the ADA. 42 USC §12102(3)(A).

30.

No vessel captain issued any warnings nor counseled Jason Gunderson regarding his inability to perform his duties, as Mr. Gunderson was able to perform the essential functions of his job upon his return to work without any restrictions.

31.

Defendant discharged Jason Gunderson on June 5, 2013 (two weeks after returning to work following treatment for his situational depression or adjustment disorder) because of an actual or perceived impairment, although Jason Gunderson was performing the essential functions of his deckhand position.

32.

Defendant's policy and/or practice of forcing Jason Gunderson to obtain a medical release before he could return to work after requesting a referral to the Employee Assistance Program is an illegal medical inquiry/exam prohibited under the ADA. 42 USC§12112(d)(4)(A).

33.

The practices complained of herein have deprived Jason Gunderson of equal employment opportunities by discharging him on the basis of his disability which violates the ADA.

34.

The unlawful employment practices complained of herein were intentional.

35.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Jason Gunderson's federally protected rights.

36.

The unlawful employment practices complained of herein have caused Jason Gunderson to suffer economic injuries, including but not limited to lost wages, as well as non-pecuniary injuries.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from forcing an individual to seek a medical release to return to work after requesting an EAP referral based on

unsubstantiated safety concerns and from illegally discharging an employee who is "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including allowing disabled employees to use the EAP referral program without fear of termination due to unsubstantiated safety concerns.

      C.      Order Defendant to make whole Jason Gunderson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      D.      Order Defendant to reinstate Jason Gunderson or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

      E.      Order Defendant to make whole Jason Gunderson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      F.      Order Defendant to make whole Jason Gunderson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

    G.    Order Defendant to pay Jason Gunderson punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

    H.    Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**RUDY SUSTAITA**
Regional Attorney
Equal Employment Opportunity
Commission
Houston District Office
1201 Louisiana Street, 6th Floor
Houston, Texas, 77002
Direct Line: (713) 651-4970
Email: rudy.sustaita@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney
La. Bar Roll No. 20890
Direct Line: (504) 595-2877
Email: gregory.juge@eeoc.gov

      /s/Michelle T. Butler
**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 01286
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA  70130
Telephone:     (504) 595-5272 (Butler) (TA)
Fax:               (504) 595-2886
Email: michelle.butler@eeoc.gov
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

Neil G. Vincent
2000 Kaliste Saloom Rd
Suite 400
Lafayette, Louisiana  70508