UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 17-9362 |
| GULF LOGISTICS OPERATING, INC. | SECTION "B"(3) |

## ORDER AND REASONS

Before the Court is Defendant Gulf Logistics Operating, Inc.'s 12(b)(6) "Motion to Dismiss." Rec. Doc. 7. Also before the Court is the EEOC's "Memorandum in Opposition to Defendant's 12(b)(6) Motion to Dismiss" (Rec. Doc. 14) and Defendant's "Reply Memorandum in Support of Rule 12(b)(6) Motion to Dismiss" (Rec. Doc. 19). For the reasons discussed below,

**IT IS ORDERED** that Defendant's "Motion to Dismiss" (Rec. Doc. 7) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant Gulf Logistics Operating, Inc. operates a fleet of boats in the Gulf of Mexico supporting companies engaged in oil and gas exploration. Rec. Doc. 2 ¶ 4. In October 2012, Defendant hired Jason Gunderson to work as a deckhand on one of Defendant's boats. *Id.* ¶ 16. While employed by Defendant, Gunderson was never disciplined regarding his performance of the essential functions of his job. *Id.* ¶ 17. In January 2013, Gunderson began having marital problems and, as a result, began experiencing emotional distress. *Id.* ¶ 18. He separated from his wife a few months later.

1

*Id*. ¶ 19. In April 2013, Gunderson asked his manager, Randy Whittaker, for a referral to the Employee Assistance Program (EAP) to obtain help coping with the stress of his separation. *Id*.

Whittaker, a Health, Safety and Environmental Manager for Defendant, provided Gunderson with a list of numbers to call for EAP assistance. *Id*. ¶ 20. He told Gunderson, who expected to miss five days of work, that he would not be allowed to return to work without first obtaining a release from the company doctor. *Id*. ¶¶ 22, 23. Specifically, Whittaker told Gunderson that he "would not be able to send him back to his assigned vessel due to safety reasons and concerns regarding [Gunderson's] need to seek EAP assistance for his emotional distress." *Id*.

Gunderson returned to work approximately three weeks later, on or about May 20, 2013, at which time he presented a medical release from the company's doctor stating that he could return to work without any restrictions. *Id*. ¶ 24. The doctor's note "determined that Gunderson had 'situational' depression." *Id*. ¶ 25. Upon his return, Gunderson worked without restrictions, and he was given no indication of concern about his performance. *Id*. ¶ 28. However, two weeks later, on June 5, 2013, Defendant discharged Gunderson. *Id*. ¶ 27.

Gunderson filed a charge with the Equal Employment Opportunity Commission, alleging disability discrimination by Defendant. *Id*. ¶ 8. The EEOC found reasonable cause to believe

that there had been a violation and issued a Letter of Determination that Defendant had discriminated against Gunderson. *Id.* ¶ 9. Subsequently, the EEOC attempted to remedy the discriminatory practice and to secure a conciliation agreement with Defendant; however, such attempts were unsuccessful and the EEOC issued a Notice of Failure of Conciliation on September 11, 2017. *Id.* ¶ 10-13. The EEOC then filed a complaint in this court against Defendant on September 21, 2017, alleging violations of the Americans with Disabilities Act, as amended (ADAAA). *See* Rec. Doc. 2.

The complaint alleges that Defendant discriminated against Gunderson by discharging him "because the Defendant perceived him to be a threat to the safety of others due to perceived 'distraction' caused by his situational depression or adjustment disorder in violation of the ADA[AA]. 42 U.S.C. § 12102(3)(A)." *Id.* ¶ 27. The complaint also alleges that Defendant unlawfully discriminated against Gunderson by "forcing [him] to obtain a medical release before he could return to work after requesting a referral to the Employee Assistance Program" in violation of 42 U.S.C. § 12112(d)(4)(A), a provision that prohibits employer-ordered medical exams to determine the nature of an employee's disability except under special circumstances. *Id.* ¶ 32.

The EEOC seeks an injunction to enjoin Defendant from forcing individuals to seek a medical release to return to work after

3

requesting an EAP referral, back-pay with prejudgment interest for Gunderson, and either reinstatement or front-pay to make Gunderson whole. *Id.* at 8-9. Additionally, the EEOC seeks compensation for past and future pecuniary and nonpecuniary losses, and punitive damages for Defendant's "malicious and reckless conduct." *Id.* at 9-10.

**LAW AND ANALYSIS**

"To survive a Rule 12(b)(6) motion to dismiss, . . . [a plaintiff's complaint] need only include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Hershey v. Energy Transfer Partners, L.P.,* 610 F. 3d 239, 245 (5th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 556 U.S. at 556).

The EEOC's complaint alleges two violations of the ADAAA, which prohibits a "covered entity" from "discriminat[ing] against a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a). The first claim alleges "regarded as"

4

disability-discrimination in violation of 42 U.S.C. § 12102(3)(A), which provides that an individual is "regarded as having an impairment" when "the individual establishes that he or she has been subjected to an [adverse employment action] . . . because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." The complaint alleges that Gunderson was subjected to an adverse employment action when he was discharged on June 5, 2013. *See* Rec. Doc. 2 ¶ 33. The complaint alleges that Defendant knew of Gunderson's request for EAP assistance and, based on the note from the company doctor, that Gunderson was diagnosed with "situational depression." Therefore, the EEOC's position is that Gunderson was improperly discharged two weeks after Defendant learned of Gunderson's depression from the company doctor's note because Defendant regarded Gunderson as having depression.

The second claim alleges that Defendant discriminated against Gunderson in violation of 42 U.S.C. § 12112(d)(4)(A) by requiring Gunderson to obtain a doctor's note before returning to work. *See* Rec. Doc. 2 ¶ 32. Section 12112(d)(4)(A) provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

5

The complaint alleges that Defendant would not allow Gunderson to return to work after seeking EAP assistance until he obtained a release from the company doctor. *See Id.* ¶¶ 22-26. Therefore, the EEOC maintains that Defendant imposed a medical exam on Gunderson as an unlawful precondition of his returning to work.

However, Defendant fails to request dismissal of the two claims actually pleaded in the complaint. Rather, Defendant seeks dismissal of "all claims . . . arising from a disability under 42 U.S.C. § 12102(1)(A) & (B)" and of "all claims . . . for allegations of a failure to reasonably accommodate . . . ." Rec. Doc. 7 ¶¶ 1, 2, 6. But the EEOC's complaint does not allege violations of 42 U.S.C. §§ 12102(1)(A) or (B), or a failure to accommodate. Therefore, Defendant is asking the court to dismiss claims not before it; consequently, Defendant's motion must be denied.[1] *See, e.g.*, *Holden v. Knight*, No. 3-2347, 2004 WL 2347576, at *5 (E.D. La. Oct. 15, 2004) (declining to address Defendant's argument that claim was insufficiently pleaded because claim was nonexistent). The instant complaint provides sufficient factual

---

[1] Because Plaintiff has not sought leave to amend its complaint, the Court will not presently entertain arguments about whether Plaintiff would be able to amend in the future. *See* Rec. Doc. 14 at 8.

and legal allegations to survive the instant motion. Discovery should reveal the underlying factual details that might support alleged claims and/or defenses to the same.

New Orleans, Louisiana, this 8th day of March, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE