## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | **CIVIL ACTION NO.** |
| | § | **2:17-09362** |
| **Plaintiff** | § § | |
| | § | **JUDGE LEMELLE** |
| **v.** | § § | **MAG. JUDGE DOUGLAS** |
| **GULF LOGISTICS OPERATING, INC.,** | § § | |
| **Defendant** | § | |

---

### CONSENT DECREE

---

### INTRODUCTION

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against Defendant, Gulf Logistics Operating, Inc. The EEOC's Complaint alleges that Gulf Logistics Operating, Inc. violated Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 when it discriminated against Jason Gunderson on the basis of a perceived disability. (*See* Rec. Doc. 2) Gulf Logistics Operating, Inc., filed an answer, denying liability. The Complaint arises from Mr. Gunderson's Charge of Discrimination ("Charge"), alleging the same. Prior to filing its Complaint, the EEOC issued a Letter of Determination ("Determination"), stating that there was reasonable cause to believe that

1

Gulf Logistics Operating, Inc. had discriminated against Mr. Gunderson.  The EEOC issued a

Notice of Conciliation Failure after it was unable to secure a resolution acceptable to the EEOC.

### JURISDICTION & VENUE

Neither this Consent Decree nor the payment to Mr. Gunderson under this Decree

constitutes an admission of liability by Gulf Logistics Operating, Inc. In the interest of avoiding

the costs, uncertainties, and burdens of further litigation and, having engaged in extensive

negotiation, the parties hereby agree that this action should be resolved through the entry of this

Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, §

1331, § 1337, § 1343 and § 1345. This action is authorized and was instituted pursuant to the

ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42

U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in the State of

Louisiana and, therefore, venue lies within this Court pursuant to Title VII, 42 U.S.C.§ 2000e-

5(f)(3). The parties agree that this Court has personal jurisdiction over them. Gulf Logistics

Operating, Inc. expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines

that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil

Procedure.

Now, therefore, it is **ordered, adjudged, and decreed:**

**DURATION**

1.      This Consent Decree will remain in effect for a period of two (2) years from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six (6) months following it.

**GENERAL PROVISIONS**

2.      This Decree resolves all claims and issues raised in Mr. Gunderson's Charge, the EEOC's Determination regarding that Charge, and the EEOC's Complaint in this action, and the EEOC waives all those claims and issues. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Gulf Logistics Operating, Inc.

3.      The EEOC and Gulf Logistics Operating, Inc. must bear their own attorneys' fees and costs incurred in connection with this action.

4.      This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

5.      This Consent Decree constitutes the complete understanding between the EEOC and Gulf Logistics Operating, Inc. with regard to the matters discussed herein.

6.      If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC and Gulf Logistics Operating, Inc. must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7.      The EEOC and Gulf Logistics Operating, Inc. agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this

3

Decree if the parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

8.     Definitions.

A.     "Gulf Logistics Operating, Inc." or "Defendant" means and refers to the Defendant, Gulf Logistics Operating, Inc., and its predecessors, successors and assigns, and agents.

B.     "EEOC" or "Plaintiff" means the Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States.

C.     "Charge" or "Charge of Discrimination" means Jason Gunderson's Charge of Discrimination, EEOC Charge No. 425-2013-01840.

D.     "Mr. Gunderson" means Jason Gunderson and any person who may have rights through Gunderson.

E.     "Days" means calendar—not business—days.

F.     "Effective Date" means the date the Court enters this Decree.

G.     "Court" refers to the United States District Court for the Eastern District of Louisiana.

H.     "Consent Decree" and "Decree" are used interchangeably.

I.      "Liaison" means the representative appointed by Gulf Logistics Operating, Inc., to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

J.      "Person with a disability" means a person who has a disability within the meaning of the ADA, whether under the "actual," "regarded as," or "record of" prong of the statute.

**SCOPE**

9.      This Decree applies to all facilities owned, operated, or controlled by Gulf Logistics Operating, Inc.

**PROHIBITED DISCRIMINATION & RETALIATION**

10.     While this Consent Decree is in effect, Gulf Logistics Operating, Inc., is hereby enjoined from any and all conduct violating the ADA, including but not limited to:

A.      Taking any action against any employee(s) because they are disabled or perceived to be disabled without first engaging in an interactive discussion with the employee(s) to determine if they are able to perform the essential functions of their job with or without accommodation.

B.      Making any determinations on any employees' ability to perform the essential functions of their job because they are perceived to be a safety threat to themselves or others without first engaging in an interactive discussion with the employees or their medical provider to determine if there is any accommodation which may lessen or alleviate any perceived threat of substantial harm.

C.      Conducting medical examinations regarding its employees and/or applicants physical and/or mental impairments based on their actual and/or perceived physical and/or mental impairments, or records thereof, that are not job-related and consistent with business necessity.

D.      Making medical inquiries regarding its employees and/or applicants based on their actual and/or perceived physical and/or mental impairments, or records thereof, that are not job-related and consistent with business necessity.

E.      Discriminating against its employees and/or applicants because of their actual disabilities or perceived disabilities, or records thereof, including by unlawfully placing them on forced leave or discharging them.

F.      Discriminating against its employees and/or applicants with disabilities by refusing to discuss the possibility of reasonable accommodation, including additional leave as an accommodation.

G.      Discriminating against its employees and/or applicants because it knows or has reason to know that employees and/or or applicants with disabilities need or might need reasonable accommodations.

H.      Failing or refusing to allow its employees and/or applicants to provide medical evidence relating to whether those employees and/or applicants are qualified.

I.      Failing or refusing to consider any medical evidence provided by an employee or applicant—or an employee's or applicant's licensed health care provider—when considering whether an employee or applicant is qualified, particularly after referral to the Defendant's Employee Assistance Program (EAP).

J.      Determining that an employee or applicant is not qualified because of a physical or mental impairment without considering medical evidence from any licensed health care provider and/or the best available objective evidence.

K.      Retaliating against any employee or applicant who (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this

or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

### INDIVIDUAL MONETARY RELIEF

11.   Gulf Logistics Operating, Inc., agrees to pay Mr. Gunderson Twenty-Five Thousand $25,000, which shall be paid in monthly installments. The first installment of $3,000 shall be made on the 15th of the month following of the entry of this Consent Decree and Gulf Logistics Operating, Inc., having received a release to resolve this matter. The Defendant shall then make eleven (11) subsequent monthly installments in the amount of Two Thousand Dollars ($2,000) payable by the fifteenth  of each month, thereafter. Said monetary relief shall represent relief compensable under 42 U.S.C. § 1981a and shall not constitute "wages" for tax purposes. Additionally, the Defendant will issue  an U.S. Internal Revenue Service ("IRS") Form 1099 for each payment. Gulf Logistics Operating Inc. must timely report the payment to the IRS via Forms 1099. The checks will be made out to Jason Gunderson and mailed via certified U.S. Mail, postage paid to 2812 Athania Parkway, Apt. B, Metairie, La. 70002.

12.   Gulf Logistics Operating, Inc. must submit a copy of each check to the EEOC within fifteen (15) days of submission of the payment(s) in the manner specified for notice under this Decree.

13.   Gulf Logistics Operating, Inc. acknowledges this sum constitutes a debt owed and collectible by the United States.

14.     If Gulf Logistics Operating, Inc. files for bankruptcy during the pendency of the Decree, Gulf Logistics Operating, Inc. will include this settlement debt in its lists of creditors in the bankruptcy action

15.     Gulf Logistics Operating, Inc. will bear all cost associated with paying Mr. Gunderson.

### INDIVIDUAL NON-MONETARY RELIEF

16.     Gulf Logistics Operating, Inc. must provide Mr. Gunderson with the written job reference— attached hereto as Exhibit B—within 30 days of the entry of this Decree.

17.     When asked for a job reference regarding Mr. Gunderson, Gulf Logistics Operating, Inc. must not discuss, mention, or allude in any way—directly or indirectly—to Mr. Gunderson's filing of the Charge or engaging in any activity protected by law, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree.  Further, when asked for such a job reference, Gulf Logistics Operating, Inc. will only respond with a copy of Exhibit B and not comment on his job performance.

18.     Gulf Logistics Operating, Inc. must exclude from Mr. Gunderson's personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, regarding Mr. Gunderson's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree. Gulf Logistics Operating, Inc. will not voluntarily produce Mr. Gunderson's personnel file, except in response to a subpoena or other order from a court or other regulatory body.

### GULF LOGISTICS LIAISON

19.     Gulf Logistics Operating, Inc. designates Ralph Lagarde, General Manager of Gulf Logistics Operating, Inc. as the  Liaison and officer of Gulf Logistics Operating, Inc. who

possesses the knowledge, capability, and resources to monitor Gulf Logistics Operating, Inc.'s compliance with the terms and conditions of the Consent Decree.

20.     Gulf Logistics Operating, Inc. must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of Gulf Logistics Operating, Inc. with regard to the terms of the Consent Decree. Any act or failure to act by the Liaison will be attributable to Gulf Logistics Operating, Inc.

21.     The Liaison must report to and be supervised by the president—or equivalent—of Gulf Logistics Operating, Inc.

22.     Gulf Logistics Operating, Inc. must appoint a replacement Liaison within 15 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

23.     Upon appointing an initial or a replacement Liaison, Gulf Logistics Operating, Inc. must provide notice to the EEOC within 15 days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

### GENERAL REPORT PROVISIONS

24.     During the duration of this Consent Decree, Gulf Logistics Operating, Inc. must, through its Liaison, provide a General Report bi-annually, as set forth below. The General Report must describe how Gulf Logistics Operating, Inc. has complied with the Decree and contain supporting evidence. If Gulf Logistics Operating, Inc. has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, Gulf Logistics Operating, Inc. does not prevent the EEOC from moving to enforce the Decree for its failure to comply.

25.     Further, during the operation of this Decree, the General Report to the EEOC must describe any complaint of disability discrimination and/or retaliation—whether formal or informal and whether written or oral—or investigation made under the anti-discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide all supporting documentation.

26.     The first General Report, for the end of year 2019, is due on or before November 30, 2019.

27.     The second General Report, for the beginning of  2020, is due by no later May 30, 2020.

28.     The third General Report, for the year 2020, is due on or before November 30, 2020

29.     The fourth General Report, for the year 2021, is due sixty (60) days before the expiration of the Decree.

GULF LOGISTICS LIAISON TRAINING

30.     In addition to other specified training obligations set forth in this Decree below, Gulf Logistics Operating, Inc., will provide the Liaison with at least two (2) hours of training, (provided by the EEOC as set forth in paragraph 31) which must cover the terms and conditions of this Decree and how to ensure that Gulf Logistics Operating Inc. complies with those terms and conditions, and how to prepare and submit each of the reports required under this Decree.

31.     Gulf Logistics Operating Inc. request that the EEOC conduct the required training for the Liaison under this decree at the EEOC's New Orleans Field Office to ensure the Liaison meets the EEOC's expectations. Said training will be conducted by an EEOC Trial Attorney within sixty (60) days after the execution of this decree.

GULF LOGISTICS EMPLOYEE TRAINING

32.     Gulf Logistics Operating, Inc. agrees to provide annual in person ADA training to its Liaison, Top managers (including the Personnel Manager, Health, Safety and Environmental Manager and Operations Manager) and all Vessel Captains for the duration of this decree. Additionally, Gulf Logistics Operating Inc. agrees to provide, bi-annually ADA training to its employees through the issuance of an EEOC ADA Fact Sheet -attached hereto as Exhibit C- and Employee Notice -attached hereto as Exhibit A-, as discussed below.

33.     Gulf Logistics Operating, Inc. request that the EEOC conduct the initial training of its Liaison and Top managers (including the Personnel Manager, Health, Safety and Environmental Manager and Operations Manager) under this decree at the EEOC's New Orleans Field Office to ensure these individuals are fully trained on the requirements and prohibitions of the ADA.  Said training will be conducted by an EEOC Trial Attorney  at the same time as the training provided for in Section 31.

34.     Gulf Logistics Operating, Inc.'s Liaison, once properly trained by the EEOC, will provide the same training for all other supervisors and Vessel Captains, at least once per year while this Consent Decree is in effect, for at least two (2) hours. The training of these supervisors and Vessel Captains will be done within one hundred and eighty (180) days after the Liaison and Top Managers training.

35.     Gulf Logistics Operating, Inc. also agrees to distribute the EEOC ADA Fact Sheet and Employee Notice -attached hereto as Exhibits C and A, respectfully- which outlines the requirements and prohibitions under the ADA within ninety (90) days of the execution of this decree. Defendant agrees to have each employee sign an acknowledgment of receipt and will represent and warrant that this has occurred in the Defendant's bi-annual General Reports.

11

36.     The annual in person two (2) hour training will cover equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under the ADA. Each training session hereunder must include training regarding:

A.     The purpose and fundamentals of the ADA, including the definitions of the ADA; whether a person is qualified to perform the essential functions of the position with or without a reasonable accommodation; what constitutes reasonable accommodation under the ADA and what constitutes direct threat under the ADA.

B.     What is prohibited and what is required under the ADA.

C.     Gulf Logistics Operating, Inc.'s duties under the ADA.

D.     Manager and Supervisory Responsibilities, and employee / applicant rights under the ADA.

E.     Gulf Logistics Operating, Inc.'s procedures for engaging in an interactive process with an employee regarding their disability and the appropriate procedures for granting or denying a request for a reasonable accommodation.

F.     Gulf Logistics Operating, Inc.'s anti-discrimination and complaint-reporting policies.

G.     EEOC guidance on ADA and its administration.

37.     The content of what is to be covered in Items A through G shall be provided by the EEOC Trial Attorney providing the training set forth in paragraph 31, above.

38.     The second annual training for the Liaison and Top Managers (including the Personal Manager, the Health, Safety and Environment Manager and the Operations Manager) to be conducted by an EEOC attorney must occur on or about, but within no later than, thirty (30) days, of the anniversary date of their first annual training date.

39.     The second annual training for the Captains will also be conducted by the Liaison within one hundred and eighty (180) days from the date of training set forth in Paragraph 38.

40.     During the EEOC Liaison training, the EEOC will provide an outline and training material for the training of the Captains to be presented by the Liaison or other party designated at the EEOC Liaison training.

### GULF LOGISTICS EMPLOYEE TRAINING REPORT

41.     Gulf Logistics Operating, Inc. through its Liaison, must submit with its Bi-Annual General Report an Employee Training Report to the EEOC after training its Captains, describing the training and containing supporting documentation which has occurred in the period prior to issuance of the Bi-annual General Report. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry but must contain the clearly-printed name of each employee, in addition to his / her signature). The Employee Training Report must likewise include a declaration by Gulf Logistics Operating, Inc. through its Liaison, attesting to its accuracy under penalty of perjury.

### ANTI-DISCRIMINATION POLICY

42.     Within ninety (90) days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Gulf Logistics Operating, Inc. must adopt an anti-discrimination policy that, at a minimum, meets the following criteria regarding the Americans with Disability Act prohibitions:

13

A.      Prohibits discrimination against any employee and/or applicant on the basis of disability in violation of the ADA.

B.      Prohibits any act, policy, or practice that has the effect of discriminating against any employee and/or applicant on the basis of disability in violation of the ADA.

C.      Ensures that persons who seek medical leave and return to work are afforded protections from actions based on perceived concerns without proper medical documentation to support these perceptions, including any perceived safety or direct threat concerns.

D.      Prohibits actions taken against an employee who is disabled or perceived to be disabled without engaging in an interactive process with the employee to ensure they are able to perform the essential functions of their job with or without accommodation.

E.      Provides information in its handbook referencing the notice posted at the facility which informs any employee who believes they have been subjected to discrimination of their right to contact the EEOC.

F.      Provides a process for reporting and/or complaining about discrimination and/or retaliation prohibited by the ADA and a process for requesting reasonable accommodations under the ADA that provides accessible avenues of complaint which shall identify the contact names, addresses (including email) and telephone numbers for persons to complain and report suspected work place discrimination.

G.      Provides a complaint and reporting process that protects the confidentiality of any complaints to the extent possible and provides a prompt, thorough, and impartial investigation and assurances that the Defendant will take immediate and appropriate corrective action.

14

H.      Provides that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

43.    This policy will also be posted in the Defendant's employee handbook accessible for all employees.  This policy will be consistent with law and the Commission's regulations and guidance.

44.     During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti-discrimination policy and must contain supporting documentation, including the anti-discrimination policy itself.

45.    Within on one hundred and twenty (120) days of the effective date of this Decree, Defendant will certify to the Commission, under penalty of perjury, that this policy has been distributed and posted as discussed above.

46.    Further, as discussed above, in its General Report to the EEOC, the Defendant must describe any complaint of disability discrimination and/or retaliation—whether formal or informal and whether written or oral—or investigation made under the anti-discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide all supporting documentation.

### GULF LOGISTICS RECORDS PRESERVATION

47.    During the operation of this Decree, Gulf Logistics Operating, Inc. must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

48.    During the operation of this Decree, Gulf Logistics Operating, Inc., must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant

to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

49.      Gulf Logistics Operating, Inc. must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and/or the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver, diminution, or obviation of the recordkeeping and reporting requirements imposed by federal law.

### EEOC AND GULF LOGISTICS ATTORNEY NOTICES

50.      All notices, reports, and information to the EEOC required under this Decree—including but not limited to the General Reports and Employee Training Reports—must be submitted to the EEOC in an email sent to **all** of the following email addresses:

> michelle.butler@eeoc.gov
> andrew.kingsley@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov

In addition, these may be submitted to the EEOC via certified United States mail at the following address:

> Attn: Legal Unit
> U.S. Equal Employment Opportunity Commission
> New Orleans Field Office
> Hale Boggs Federal Building
> 500 Poydras St., Suite 809
> New Orleans, LA 70130

51.      Any notices for Gulf Logistics Operating, Inc. shall be sent via certified U.S. Mail to:

> Alan Meche
> Laura Johnson
> Allen & Gooch Law Corporation
> Post Office Drawer 81129

16

Lafayette, LA 70598-1129

52.    Only an acknowledgment from the EEOC via regular United States mail or by email constitutes proof of receipt of such notices, reports, or information.

53.    The EEOC may, from time to time, designate, in writing, others to receive notices, reports, and information under this Decree.

**EMPLOYEE NOTICES**

54.    Gulf Logistics Operating, Inc. will distribute an ADA Fact Sheet and Notice to Employees—attached hereto as Exhibits A and C—on its premises within ninety (90) days of the entry of this Decree. This Notice to Employees will also be included in the Gulf Logistics Safety Manual. The Liaison will ensure that this obligation has been met and certify to the EEOC Defendant's compliance.

55.    Additionally, Gulf Logistics Operating, Inc. agree to post the EEO is the Law Poster (See Exhibit D) conspicuously where other notices to applicants and employees are customarily posted. The Liaison must ensure that this obligation is met and certify to the EEOC Defendant's compliance.

In New Orleans, Louisiana, this _____ day of _____, 2019.

_____
HON. IVAN LEMELLE
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT**:

**FOR THE PLAINTIFF:**

                                      **JAMES L. LEE**
Deputy General Counsel
**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**RUDY SUSTAITA**
Regional Attorney
Houston District Office
Texas Bar Roll No. 195523560
E-Mail: rudy.sustaita@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney
**La. Bar Roll No. 20890**
Telephone: (504) 676-8239
Email: gregory.juge@eeoc.gov

**/s/Michelle T. Butler**
**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
**La. Bar Roll No. 1286**
Telephone: (504) 595-2872
Fax: (504) 595-2884
Email: michelle.butler@eeoc.gov

**ANDREW B. KINGSLEY**
Senior Trial Attorney
La. Bar Roll No. 35865
Telephone: 504-208-8611
Email: andrew.kingsley@eeoc.gov
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans Field Office
500 Poydras Street - Suite 809
New Orleans, Louisiana 70130
**COUNSEL FOR PLAINTIFF-EEOC**

**FOR THE DEFENDANT:**         **/s/ Laura Johnson**
                                        **ALAN J. MECHE**
La. Bar Roll No. 30631
**LAURA JOHNSON**

18

La. Bar Roll No. 34040
**ALLEN & GOOCH**
P.O. Box 81129
Lafayette, Louisiana 70598-1129
Telephone:     (337) 291-1660
Fax:            (337) 291-1665
E-Mail:         AlanMeche@AllenGooch.com
                LauraJohnson@AllenGooch.com
**COUNSEL FOR DEFENDANT**
**GULF LOGISTICS OPERATING, INC.**

## EXHIBIT A

## NOTICE TO EMPLOYEES

Discrimination against an employee on the basis of disability can violate federal law, specifically the Americans with Disabilities Act, as amended (ADA). Federal law prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer maintain an environment in which other employees do not discriminate on such basis. Federal law further prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated on such basis, who reports that their employer allowed others to discriminate on such basis, who files a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), or who participates in the investigation or prosecution of such a charge.

Gulf Logistics Operating, Inc. will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate both federal law and Gulf Logistics Operating, Inc., anti-discrimination policy. Any employee who violates the law and our policy will be subject to substantial discipline, up to and including termination.

The posting of this Notice to Employees by Gulf Logistics Operating, Inc. does not constitute an admission of any liability under federal law.

If you believe you or another employee have been discriminated against on the basis of your disability, please contact the EEOC:

> Attn: Legal Unit
> U.S. Equal Employment Opportunity Commission
> 500 Poydras Street, Suite 809
> New Orleans, LA 70130
> Telephone: 504-595-2872
> E-mail: michelle.butler@eeoc.gov
> Website: www.eeoc.gov

You may also report your concerns using the procedures set forth in Gulf Logistics Operating, Inc. policy against discrimination.

This Notice to Employees must remain posted continuously by Gulf Logistics Operating, Inc. for three (3) years from the date below and must not be altered, defaced, removed, or covered.

Signed this _____ day of _____, 2019.

for _____
**Gulf Logistics Operating, Inc.**

20

**EXHIBIT B**

**GUNDERSON REFERENCE LETTER**

To Whom It May Concern:

Mr. Jason Gunderson was employed with Gulf Logistics Operating, Inc. as a deck hand

from September 2012 until June 2013.

Sincerely,

# EXHIBIT C

# EEOC ADA FACT SHEET

## Disability Discrimination

Disability discrimination occurs when an employer or other entity covered by the Americans with Disabilities Act, as amended, or the Rehabilitation Act, as amended, treats a qualified individual with a disability who is an employee or applicant unfavorably because she has a disability. Learn more about the Act at *ADA at 25*.

Disability discrimination also occurs when a covered employer or other entity treats an applicant or employee less favorably because she has a history of a disability (such as cancer that is controlled or in remission) or because she is believed to have a physical or mental impairment that is not transitory (lasting or expected to last six months or less) and minor (even if she does not have such an impairment).

The law requires an employer to provide reasonable accommodation to an employee or job applicant with a disability, unless doing so would cause significant difficulty or expense for the employer ("undue hardship").

The law also protects people from discrimination based on their relationship with a person with a disability (even if they do not themselves have a disability). For example, it is illegal to discriminate against an employee because her husband has a disability.

*Note: Federal employees and applicants are covered by the Rehabilitation Act of 1973, instead of the Americans with Disabilities Act. The protections are mostly the same.*

## Disability Discrimination & Work Situations

The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment.

## Disability Discrimination & Harassment

It is illegal to harass an applicant or employee because he has a disability, had a disability in the past, or is believed to have a physical or mental impairment that is not transitory (lasting or expected to last six months or less) and minor (even if he does not have such an impairment).

Harassment can include, for example, offensive remarks about a person's disability. Although the law doesn't prohibit simple teasing, offhand comments, or isolated incidents that aren't very serious, harassment is illegal when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision (such as the victim being fired or demoted).

The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

## Disability Discrimination & Reasonable Accommodation

The law requires an employer to provide reasonable accommodation to an employee or job applicant with a disability, unless doing so would cause significant difficulty or expense for the employer.

A reasonable accommodation is any change in the work environment (or in the way things are usually done) to help a person with a disability apply for a job, perform the duties of a job, or enjoy the benefits and privileges of employment.

Reasonable accommodation might include, for example, making the workplace accessible for wheelchair users or providing a reader or interpreter for someone who is blind or hearing impaired.

While the federal anti-discrimination laws don't require an employer to accommodate an employee who must care for a disabled family member, the Family and Medical Leave Act (FMLA) may require an employer to take such steps. The Department of Labor enforces the FMLA. For more information, call: 1-866-487-9243.

## Disability Discrimination & Reasonable Accommodation & Undue Hardship

An employer doesn't have to provide an accommodation if doing so would cause undue hardship to the employer.

Undue hardship means that the accommodation would be too difficult or too expensive to provide, in light of the employer's size, financial resources, and the needs of the business. An employer may not refuse to provide an accommodation just because it involves some cost. An employer does not have to provide the exact accommodation the employee or job applicant wants. If more than one accommodation works, the employer may choose which one to provide.

## Definition Of Disability

Not everyone with a medical condition is protected by the law. In order to be protected, a person must be qualified for the job and have a disability as defined by the law.

A person can show that he or she has a disability in one of three ways:

- A person may be disabled if he or she has a physical or mental condition that substantially limits a major life activity (such as walking, talking, seeing, hearing, or learning).

- A person may be disabled if he or she has a history of a disability (such as cancer that is in remission).

- A person may be disabled if he is believed to have a physical or mental impairment that is not transitory (lasting or expected to last six months or less) and minor (even if he does not have such an impairment).

## Disability & Medical Exams During Employment Application & Interview Stage

The law places strict limits on employers when it comes to asking job applicants to answer medical questions, take a medical exam, or identify a disability.

For example, an employer may not ask a job applicant to answer medical questions or take a medical exam before extending a job offer. An employer also may not ask job applicants if they have a disability (or about the nature of an obvious disability). An employer may ask job applicants whether they can perform the job and how they would perform the job, with or without a reasonable accommodation.

## Disability & Medical Exams After A Job Offer For Employment

After a job is offered to an applicant, the law allows an employer to condition the job offer on the applicant answering certain medical questions or successfully passing a medical exam, but only if all new employees in the same type of job have to answer the questions or take the exam.

## Disability & Medical Exams For Persons Who Have Started Working As Employees

Once a person is hired and has started work, an employer generally can only ask medical questions or require a medical exam if the employer needs medical documentation to support an employee's request for

an accommodation or if the employer believes that an employee is not able to perform a job successfully or safely because of a medical condition.

The law also requires that employers keep all medical records and information confidential and in separate medical files.

### Available Resources -GO TO WWW.EEOC.GOV

**EXHIBIT D**

**EEO IS THE Law Poster**